(No. 4444—

JEFFERSON ICE COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

DONALD J. SEELEY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

This claim arises out of an action for damages to a truck of claimant by reason of a collision with a State Highway truck, in which it is claimed the State was

negligent through its agent in the operation of the State truck.

The undisputed facts show that on March 28, 1951, at about 4:00 P.M., a State truck, operated by Arthur Miller, was parked on the outer lane of west-bound traffic facing east on a four lane highway designated as U. S. Route No. 20, near Keeneyville, Du Page County, Illinois. The truck was loaded with fence posts taken up from properties on which had been located snow fences, and was parked behind another truck loaded with fence posts. Arthur Miller started the truck up, gave no signal, and proceeded diagonally across the highway into a driveway leading into a farmhouse for the purpose of turning around and going back west. As the State truck so proceeded, it struck the truck of claimant, operated by Robert N. Zerby, which was traveling in an easterly direction, resulting in the claimed damages.

Mr. Zerby, driver of claimant's truck, stated he observed the State truck after he had reached the crest in the road about 200 feet away, sounded his horn, and thought he could have stopped at that point, if he had known what the operator of the State truck intended to do.

The weather was clear, visibility good, and the pavement was dry. The State truck was being operated on the wrong side of the road in an area of open country, and at a place where there were no intersecting streets or highways. Claimant's truck was being operated on its right side of the road.

The evidence, without dispute, shows that the State truck was operated in a negligent manner, which was the proximate cause of the collision and damages to claimant's truck, and, that claimant, through its

agent, was in the exercise of due care and caution for the safety of its truck. The law will not permit the absurdity of looking and not seeing, when respondent's driver could have looked and could have seen claimant's truck, and avoided the collision and resulting damages to claimant's truck.

The damages to claimant's truck were in the amount of $578.25.

An award is, therefore, entered in favor of claimant for $578.25.